**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

| | |
|---|---|
| **NORMA DELLIO**,<br>                              Plaintiff,<br><br>v.<br><br>**HOLLAND AMERICA LINE, INC., a Washington corporation, HOLLAND AMERICA LINE-USA Inc., a Delaware corporation, HAL ANTILLEN N.V., a Curacao corporation, and HOLLAND AMERICA LINE N.V., a Curacao corporation, as the general partner of Cruiseport Curacao C.V., owners/operators/agents of the M/S Noordam,**<br>                              Defendant. | **IN ADMIRALTY**<br><br>**CASE NO.**<br><br><br>**PLAINTIFF'S COMPLAINT FOR PERSONAL INJURIES AND DAMAGES**<br><br><br><br>**JURY DEMAND** |

COMES NOW the Plaintiff, NORMA DELLIO, by and through undersigned counsel, hereby sues Defendants, HOLLAND AMERICA LINE, INC., HOLLAND AMERICA LINE-USA INC., HAL ANTILLEN N.V., and HOLLAND AMERICA LINE, N.V., a Curacao corporation, as the general partner of  Cruiseport Curacao C.V. (hereinafter collectively referred to as, "Defendants"), and alleges:

**COMPLAINT - 1**

Jay H. Krulewitch
Attorney at Law
2611 N.E. 113th St, Ste 300
Seattle, WA 98125
P: (206)233-0828
F: (206)628-0794

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 1. JURISDICTION

1.      The subject personal injury occurred on navigable waters and had the potential to disrupt maritime commerce.  Therefore, this Court has admiralty subject matter jurisdiction under 28 U.S.C. § 1333.

## 2. PARTIES

2.      At all times material to this cause of action, Plaintiff Norma Dellio (hereinafter, "Plaintiff") was a citizen of Canada and a fare paying passenger aboard the cruise ship M/S NOORDAM (hereinafter referred to as "The Vessel").

3.      At all times material to this cause of action, Holland American Line-USA, Inc. (hereinafter, "HAL USA"), was the general partner of Hal Antillen N.V, Holland America Line, Inc., and Holland America Line N.V.

4.      At all material times Hal Antillen N.V. (hereinafter, "HAL ANTILLEN"), was the owner of The Vessel.

5.      At all material times, Holland America Line, Inc.  (hereinafter, "HAL"), operated The Vessel.

6.      At all material times, Holland America Line N.V. (hereinafter, "CRUISEPORT"), was the general partner of Holland America Line Inc. in the operation and/or maintenance of The Vessel.

7.      This Court's personal jurisdiction over the Defendants and venue is proper as:

        a.  Defendants' principal place of business and/or offices are located in Seattle, Washington;

**COMPLAINT - 2**

Jay H. Krulewitch
Attorney at Law
2611 N.E. 113th St, Ste 300
Seattle, WA 98125
P: (206)233-0828
F: (206)628-0794

b.   Defendants conduct substantial business within the State of Washington, including, but not limited to, operating cruises from Seattle;

c.   Defendants committed one or more acts as set forth in the Revised Code of Washington Section 4.28.185, which submits the Defendants to jurisdiction and venue of this Court;

d.   Defendants submitted to the jurisdiction of this Court via the subject cruise ticket contract.

8.   Venue is appropriate under 87 U.S.C. § 1391(b)(1) as at least one Defendant resides in this District and the cruise ticket contract requires Plaintiff to file her lawsuit in this District.

### 3. GENERAL ALLEGATIONS

9.   The incident which is the subject of this action occurred on or about December 24, 2014 while The Vessel was in navigable waters.

10.   At the time of the incident, Plaintiff occupied the status of a passenger.

11.   The Vessel was owned and/or operated and/or maintained by Defendants.

12.   On the date alleged in Paragraph 9 above, the Plaintiff was walking from the restaurant on the Lido Deck towards the elevator/stairs to return to her cabin.  While passing through a tiled corridor, she slipped and fell on a wet and unreasonably slippery deck.  The corridor was the only means to access her cabin.  The hazardous condition of the floor was not readily observable to Plaintiff and no warning signs were in place.

**COMPLAINT - 3**

Jay H. Krulewitch
Attorney at Law
2611 N.E. 113th St, Ste 300
Seattle, WA 98125
P: (206)233-0828
F: (206)628-0794

13. As a result of the fall, Plaintiff suffered physical injury including a fractured right humerus requiring an open reduction internal fixation surgery, bed rest, and multiple physical therapy sessions.

### 4. CAUSE OF ACTION: NEGLICENCE

14. Plaintiff re-alleges all allegations pled in paragraphs 1 through 13 above as if alleged fully herein.

15. Defendants owed Plaintiff the duty to exercise reasonable care under the circumstances for her safety.

16. Defendants also owed Plaintiff the separate duty to warn Plaintiff of all non-open and obvious dangers of which Defendants knew or should have known.

17. Defendants were negligent as they breached their duty to Plaintiff in one or more of the following respects:

a. Failing to keep the subject floor free of water or other liquids to allow normal and safe foot traffic;

b. Failing to post signs warning that the floor was unreasonably dangerous, slippery and/or hazardous as such a condition was not open or obvious;

c. Failing to post signs adequately warning that the floor was unreasonably dangerous, slippery and/or hazardous (which was not open or obvious) in a manner for which it could be seen by passengers traversing the floor in the area of the unreasonably hazardous condition;

d. Failing to otherwise warn Plaintiff that the floor was unreasonably dangerous, slippery and/or hazardous as such a condition was not open or obvious;

**COMPLAINT - 4**

Jay H. Krulewitch
Attorney at Law
2611 N.E. 113th St, Ste 300
Seattle, WA 98125
P: (206)233-0828
F: (206)628-0794

e.  Improperly applying too much soap and/or cleaning products to the floor that caused the floor to become unreasonably slippery;

f.  Improperly using too much cleaning products or wax when buffing the floor as to make in unreasonably slippery;

g.  Not properly removing a sufficient amount of soap, cleaning products and/or wax from the surface as to cause the area to be unreasonably slippery;

h. Failing to provide a mat or other covering over the slippery area to allow Plaintiff to safely traverse the floor;

i.  Observing that the floor was dangerous but failing to rectify the condition;

j.  Observing that the floor was dangerous but failing to cordon off the area of the floor to foot traffic;

k. Failing to properly train its employees in the proper methods of monitoring the activities of the people in the area, drying wet and/or slippery flooring, posting warning signs, or cordoning off such areas;

l.  Failing to properly monitor and control the activities of people in an area especially a common area where Defendants knew, or should have known, is an area of high traffic and had continuous problems;

m. Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one alleged in this action;

n.  Failing to properly maintain the area in a safe and reasonable manner;

o.  Allowing the anti-skid properties of the floor to become worn and/or smooth thus causing a slipping hazard when wet;

**COMPLAINT - 5**

Jay H. Krulewitch
Attorney at Law
2611 N.E. 113th St, Ste 300
Seattle, WA 98125
P: (206)233-0828
F: (206)628-0794

p.  Failing to cordon off the area when other people fell in the area of the floor before Plaintiff on the day of the subject incident;

q.  Failing to periodically inspect the subject floor for unsafe conditions and rectify those unsafe conditions;

r.  Failing to periodically test the subject floor for unsafe areas where the anti-skid properties have worn down and/or otherwise stop from properly functioning;

s.  Allowing an unreasonably dangerous condition to exist notwithstanding prior incidents involving similar accidents involving similar areas aboard The Vessel or other vessels within its fleet;

t.  Accepting the floor coating that is unreasonably dangerous, slippery or unreasonably dangerous and/or

u.  Failing to replace the coating of the floor after becoming aware that it is or has become unreasonably dangerous, slippery or unreasonably dangerous.

18.    The Defendants:

a.  Caused the unreasonably dangerous condition; and/or

b.  Had actual knowledge of the unreasonably dangerous condition;  and/or

c.  Had constructive knowledge of the unreasonably dangerous condition as it existed for a sufficient length of time so that Defendants should have known of it by the exercise of ordinary care and/or the wetness in the subject area occurred with such frequency as to impute knowledge of the unreasonably dangerous condition.

19.    As a result of Defendants' negligence, Plaintiff suffered physical injuries and other damages as well, including possible aggravation of preexisting conditions, headaches,

**COMPLAINT - 6**

Jay H. Krulewitch
Attorney at Law
2611 N.E. 113th St, Ste 300
Seattle, WA 98125
P: (206)233-0828
F: (206)628-0794

pain and suffering, disability, disfigurement, mental anguish, loss of enjoyment of life, past and future medical treatment expenses, including hospitalization, surgery,  medical, and nursing care and treatment, past wage loss, and future lost earning capacity.

## 5. PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff demands judgment against Defendants for Plaintiff's injuries and damages suffered as a result of the alleged incident, including pain and suffering, headaches, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of enjoyment of life, past and future medical treatment expenses, including hospitalization, surgery,  medical, and nursing care and treatment, and past wage loss, future lost earning capacity, together with all taxable court costs, prejudgment interest, attorney's fees, and for all such other relief to which Plaintiff may be entitled by virtue of these proceedings, including trial by jury.

Dated this 10th day of December, 2015, Seattle, Washington.

Respectfully submitted,

JAY H. KRULEWITCH, ATTORNEY AT LAW


By: s/Jay H. Krulewitch_____
Jay H. Krulewitch, WSBA #17612
Attorney for Plaintiff Norma Dellio

**COMPLAINT - 7**

Jay H. Krulewitch
Attorney at Law
2611 N.E. 113th St, Ste 300
Seattle, WA 98125
P: (206)233-0828
F: (206)628-0794